IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLARD S. HOBBS, JR., and DYAN HOBBS, husband and wife, | CIVIL ACTION NO. **3:CV-04-2279** |
| | (Chief Judge Vanaskie) |
| | (Magistrate Judge Blewitt) |
| Plaintiffs | |
| v. | |
| BRIGGS & STRATTON COMMERCIAL TOWER, | |
| Defendant | |
| v. | |
| AIR-FLO MANUFACTURING CO., | |
| Additional Defendant | |

**MEMORANDUM**

This case was instituted on October 18, 2004, by Plaintiffs Willard S. Hobbs and his wife, Dyan Hobbs. Named as original Defendant was Briggs & Stratton Commercial Tower. The Defendant filed a joinder complaint against additional Defendant Air-Flo Manufacturing Co.[1] In the Complaint, the Plaintiffs assert claims for negligence, strict liability, negligent misrepresentation, breach of warranty and loss of consortium. (Doc. 28, Ex. A). Defendant Briggs & Stratton filed its answer to the complaint and a joinder complaint against additional Defendant Air-Flo. Basically, it is alleged that Mr. Hobbs, while employed by Augello Excavating, sustained injuries when he was

---

[1] Jurisdiction of this action is based on diversity, 28 U.S.C. § 1332(a). (Doc. 28, Ex. A, p. 1).

struck with a flywheel that broke from an engine manufactured by Defendant Briggs & Stratton. This engine was part of a cinder spreader that was manufactured by additional Defendant Air-Flo. Following the incident, Plaintiff Mr. Hobbs received workers' compensation benefits from Augello Excavating's carrier, Erie Insurance Group.

An investigative report of the incident was prepared by Graham S. Thompson of National Forensic Consultants, Inc. ("NFC") for Erie Insurance Group on February 11, 2004.  On October 14, 2004, prior to filing this action, Plaintiffs retained Thompson to be an expert for them in the instant case.  (Doc. 28, Ex. D).  On December 6, 2004, counsel for Defendant, Attorney Platt, requested that Plaintiffs send him a copy of the NFC report.  (*Id*., Ex. E).  The Plaintiffs refused to do so at this time since they retained the author of the report as their expert.   Plaintiffs contend that the exchange of expert reports between the parties was premature and had not yet been directed by the Court *via* a scheduling order.  On December 8, 2004, Defendant sent Plaintiffs' counsel a copy of a Notice of Records Deposition of the Custodian for Erie Insurance.  (Doc. 29, Ex. B).  Defendant states that Plaintiffs' counsel did not object to this lawful subpoena.  Erie Insurance responded to the subpoena and sent Defendant a copy of its workers' compensation file regarding Mr. Hobbs, which included the NFC report authored by Thompson.  (*Id*., Ex. C).

On January 7, 2005, Defendant's counsel advised Plaintiffs' counsel that he received the NFC report.  Plaintiffs' counsel requested that the report be returned, and Defendant's counsel refused, contending that it is discoverable and was obtained through a lawful subpoena.  The Plaintiffs now move to disqualify Attorney Platt from representing the Defendant in this action due to his failure to return the NFC report, which they claim has caused a breach of confidentiality of

their expert's report. (Doc. 21).  The Motion to Disqualify has been briefed.  (Docs. 28 & 29).  This action has been referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(A) for pretrial matters.[2]

Defendant initially argues that the Plaintiffs have waived any argument that the NFC report is not discoverable since they failed to object to the Defendant's subpoena to Erie Insurance.  However, the Plaintiffs' Exhibit F attached to their Brief (Doc. 28)  is a copy of a letter dated December 13, 2004, to Medical Copy Services in which Plaintiff's counsel objected to Defendant's subpoena to NFC.   Thus, Plaintiffs have not waived their present objection regarding the discoverability of the NFC report.

Presently pending before this Court is Plaintiffs' Motion to Disqualify Defendant 's Attorney filed on March 16, 2005.  (Doc. 21).  This Motion, as stated, has been briefed by the parties.  The Motion to Disqualify shall now be considered.

Plaintiffs' Motion seeks to disqualify attorney Platt from representing the Defendant in this action since they claim that he obtained a copy of their expert's report by circumventing the rules and by precluding this Court from determining the appropriate time regarding the discoverability of the report.  The Plaintiffs rely in part upon Pa. Rule of Professional Conduct 4.1, prohibiting false statements by an attorney to others, in support of their Motion.  (Doc. 28, p. 7).[3]  Defendant contends that Thompson's report was an investigative report prepared for Erie Insurance regarding

---

[2]Since the subject Motion to Disqualify is a non-dispositive motion, we shall issue a Memorandum as opposed to a Report and Recommendation.

[3]Under Local Rule 83.23.2, M.D. Pa., this Court has adopted the Pa. Rules of Professional Conduct.

the workers' compensation claim of Mr. Hobbs, without anticipation of litigation, and as such, this third party report was discoverable.  They state that Thompson was not acting for Plaintiffs when he prepared the report and that the report was prepared eight (8) months before the Plaintiffs initiated this action.  They argue that Plaintiffs' later retention of Thompson as their expert and adoption of his report is of no moment and does not effect the discoverability of this investigative report.

A. Standard for Evaluating Motion to Disqualify

The Court in *Foley v. Internat'l Bro. Of Electrical Workers Local Union*, 1998 WL 720153 *3 (E.D. Pa.), stated as follows:

> The Third Circuit has stated that a district court, in exercising its discretionary power, should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule.  The Court should consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain counsel of his choice and enabling attorneys to practice without excessive restrictions.  *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980).  "The party seeking to disqualify opposing counsel bears the burden of clearly showing that continued representation would be impermissible." *Cohen v. Oasin*, 844 F.Supp. 1065, 1067 (E.D. Pa. 1994) (citing *Commercial Credit Business Loans, Inc., v. Martin*, 590 F.Supp. 328, 335-36 (E.D. Pa. 1984).  However, any doubts as to the existence of a violation should be resolved in favor of disqualification.  *See International Business Mach. Corp. v. Levin*, 579 F.2d 271, 283 (3d Cir. 1987).

It is undisputed that the NFC report was discoverable, but the parties dispute as to when it should have been produced.  (Doc. 28, p. 5 & Doc. 29, p. 8).  Plaintiffs maintain that defense counsel obtained the report prematurely, since it became their expert report and that it was not

merely an investigative report prepared for some third party (*i.e.*, Erie Insurance).  While we find that defense counsel should have waited until the Court resolved the timing issue as to the production of the NFC report, and we agree with Plaintiffs that this dispute was to be included in the Joint Case Management Plan of the parties, we do not find that disqualification of Defendant's chosen counsel is the appropriate remedy in this case.

The burden is on the Plaintiff to establish that disqualification is the sole appropriate remedy. *Blakesley v. Wolford*, 1987 WL 26502 * 1 (E.D. Pa.); *Zions First Nat'l Bank v. United Health Club*, 505 F. Supp. 138, 140 (E. D. Pa. 1981).  As the *Blakesley* Court stated:

> This is an extreme remedy which is appropriate only where the trial has been so seriously tainted that plaintiff will not otherwise be able to obtain a fair trial.  Thus, disqualification is appropriate where counsel has come into possession of confidential information, or has a conflict of interest. *See Trone v. Smith*, 621 F.2d 994, 1001 (9th Cir. 1980).  In such a case, the continuing taint can be eliminated only by removing counsel from the case.

*Id*.

Defense counsel claimed the NFC report was an investigative report prepared for a third party and not for Plaintiffs in anticipation of this litigation.   Counsel then subpoenaed the report, and it was sent to him despite the timely objection to its production by Plaintiffs' counsel to the sender.  Defense Counsel then notified Plaintiff's counsel that he received the report.  (Doc. 28, Ex. G).  We agree with the Defendant's counsel that the timing issue regarding when the NFC report was to have been produced is not sufficient in this case to warrant his disqualification.  (Doc. 29, p. 9).  However, as stated, we find that Defendant's counsel should have allowed this Court to decide when the NFC report was to be sent to him.  Thus, the Defendant's request for Rule 11

sanctions, claiming Plaintiffs' present Motion is unfounded, will be denied.  (*Id*., p. 10).

Further, Plaintiffs claim that they will now be prejudiced since the defense fact witnesses can tailor their testimony "in a manner which will completely undermine the factual basis for [Thompson's] report."  (Doc. 28, p. 6).  Since the defense has had the NFC report since about January, 2005, any alleged prejudice to Plaintiffs which has occurred cannot be rectified by removing defense counsel.  Thus, we find that disqualification would not even remedy the claimed prejudice, and we also find that it would only harm the Defendant's right to defend against this action.  We shall, however, allow the Plaintiffs to designate a second expert and shall afford them additional time within which to do so if requested.

Accordingly, we shall deny the Plaintiffs' Motion to Disqualify.

An appropriate Order will issue.


          **s/ Thomas M. Blewitt**
          **THOMAS M. BLEWITT**
          **United States Magistrate Judge**

**Dated: April 25, 2005**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLARD S. HOBBS, JR., and DYAN HOBBS, husband and wife, | : : : : : | CIVIL ACTION NO. **3:CV-04-2279** (Chief Judge Vanaskie) (Magistrate Judge Blewitt) |
| Plaintiffs | : : | |
| v. | : : | |
| BRIGGS & STRATTON COMMERCIAL TOWER, | : : : : | |
| Defendant | : : | |
| v. | : : | |
| AIR-FLO MANUFACTURING CO., | : : | |
| Additional Defendant | : | |

**ORDER**

**AND NOW,** this 25th day of **April, 2005**, **IT IS HEREBY ORDERED THAT** the Plaintiffs' Motion for Disqualification of Defendant Briggs & Stratton's Attorney, Dennis L. Platt, Esquire, **(Doc. 21)** is **DENIED.**

           **s/ Thomas M. Blewitt** _____
           **THOMAS M. BLEWITT**
           **United States Magistrate Judge**

**Dated: April 25, 2005**